814 A.2d 1170 (2003)
357 N.J. Super. 282
OHIO CASUALTY INSURANCE COMPANY, Plaintiff-Appellant,
v.
Lewis R. BORNSTEIN and Pamela Bornstein, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 2002.
Decided February 6, 2003.
*1171 George A. Prutting, Jr., Audubon, argued the cause for appellant (Prutting & Lombardi, attorneys; Mr. Prutting, on the brief).
Lewis R. Bornstein, argued the cause for respondents (Morgan, Bornstein & Morgan, attorneys, Cherry Hill; Mr. Bornstein, on the brief).
Before Judges WALLACE, JR., AXELRAD and HOENS.
The opinion of the court was delivered by AXELRAD, J.T.C. (temporarily assigned).
The issue in this case is whether an insured has a right to settle a claim against a tortfeasor for considerably less than that party's coverage and then proceed against his own uninsured motorist (UIM) carrier, giving the carrier full credit for the tortfeasor's policy. The trial judge reviewed the insured's reasons for accepting the settlement and the carrier's arguments to the contrary and ordered the carrier to provide coverage for damages in excess of the tortfeasor's policy limits. The carrier appealed. We affirm.
Defendant Lewis R. Bornstein[1], who was a passenger in a taxicab in New York City, sustained injuries when the driver rear-ended another car. As a result of the accident, defendant filed suit in New York against the owners and operators of the taxicab and the second vehicle which had been struck in the rear by the taxicab. The tortfeasor taxicab company had liability limits of $100,000. The second vehicle, which had liability limits of $15,000, neither offered nor paid any money in connection with the motor vehicle accident in which it had been rear-ended.
At the time of the accident, defendants had an automobile liability policy with plaintiff, Ohio Casualty Insurance Company, which had $500,000 UIM coverage. Under the insuring agreement, plaintiff promised to pay "compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an... `underinsured motor vehicle.'" The policy defines an "underinsured motor vehicle" as a motor vehicle "to which a liability bond or policy applies at the time of the accident but its limit for liability is less than the limit of liability for this coverage." The policy incorporates the Longworth v. Van Houten, 223 N.J.Super. 174, 194, 538 A.2d 414 (App.Div.1988), procedure and requires notice of a tentative settlement, thereby allowing the insurer to exercise its subrogation rights if it so chooses. To exercise those rights, plaintiff must pay its insured the amount of the settlement within thirty days, but the insured is still entitled to UIM benefits up to the limits of the policy. The policy does not condition payment of UIM benefits upon the insured's exhaustion of the limits of the tortfeasor's policy. Instead, the carrier's limit of liability with respect to an accident with an uninsured vehicle is "reduced by all sums paid ... by or on behalf of persons or organizations who may be legally responsible."
*1172 On February 5, 1999, defendant notified plaintiff of the pending New York action, indicated he intended to file a UIM claim, and invited plaintiff to participate in the lawsuit. On July 20, 2001, in accordance with Longworth v. Van Houten, supra, 223 N.J.Super. at 194, 538 A.2d 414, defendant notified plaintiff he wanted to accept the taxicab company tortfeasor's $60,000 settlement offer, and asked plaintiff to inform him within thirty days whether it wished to preserve its subrogation rights, in which case defendant would assign his claim to plaintiff in exchange for $60,000. Plaintiff then filed this declaratory judgment action, asserting it should be relieved from any obligation to pay UIM benefits because defendant's settlement was substantially below the tortfeasor's policy limit.
In response, defendant offered, consistent with Longworth, id. at 191, 538 A.2d 414, to credit plaintiff with the tortfeasor's full $100,000 policy limit. Defendant explained his reasons for accepting 60% of the tortfeasor's policy:
1) Empire Insurance Company, the tortfeasor's carrier, [a C++ company], may be going into liquidation which had the potential to cause delay, administrative obstacles, interim loss of the use of money, and "perhaps a less than dollar for dollar recovery based upon the true value of the claim."
2) Defendant's treating medical providers were located in South Jersey and he had been advised that New York courts want "live" testimony but for exceptional circumstances, which would cause additional expense and scheduling difficulties to plaintiff and his medical experts.
3) Defendant would have to pay higher legal fees to his New York counsel if the matter went to trial.
4) Defendant would incur additional costs for accommodations for himself and his witnesses if the matter went to trial.
5) Defendant feared that a New York judge and jury might be prejudiced against an out of state resident.
6) As he understood it, prejudgment interest is not allowed in New York on tort claims.
7) He was concerned about protracted appeals in a foreign jurisdiction.
8) Defendant had "an emotional need to move forward."
9) Defendant wanted to deliberate further about whether to have surgery.
Defendant thus contended that because he agreed to give full credit for the tortfeasor's coverage and because his reasons for accepting less than the full policy were reasonable, he had satisfied any obligation he had to his UIM carrier. Plaintiff argued that the settlement was unreasonable on its face and that the insured's explanations were insufficient. The court rejected plaintiff's argument that Longworth, supra, 223 N.J.Super. 174, 538 A.2d 414, precludes a claim for UIM benefits unless the insured obtains a settlement "at or near" the tortfeasor's policy limits. The court also rejected the arguments that the insured's decision to accept a settlement of 60% of the tortfeasor's coverage was per se unreasonable. The court, after reviewing defendant's reasons for accepting the settlement and plaintiff's arguments to the contrary, "was not prepared to say as a matter of law that that decision on the insured's part [was] so wholly unreasonable that they should be precluded in this instance from UIM benefits by their acceptance of that settlement." The court further concluded that plaintiff was not prejudiced by the settlement because it would only be responsible for coverage of defendant's damages in excess of the amount of the tortfeasor's policy limit.
On appeal, plaintiff contends that (1) public policy dictates that a settlement of *1173 60% of the tortfeasor's policy precludes any claim for UIM coverage; (2) N.J.S.A. 17:28-1.1 requires the settlement with the tortfeasor to be reasonable in order to strike a fair balance between the insured and the UIM carrier; (3) defendant's reasons for accepting 60% of the tortfeasor's liability limits are not reasonable; and (4) plaintiff's policy language requires the insured to obtain a reasonable settlement for the tortfeasor to perfect a valid UIM claim. Plaintiff asks us to determine as a matter of law that there is no reasonable justification for accepting a settlement of 40% less than the tortfeasor's policy limit, or alternatively, to remand for a fact-finding hearing on whether this defendant's acceptance of the settlement was reasonable.
We are not persuaded by plaintiff's arguments under the circumstances of this case. Defendant informed plaintiff of the New York litigation and gave it an opportunity to participate in that lawsuit. He thereafter followed the procedure contained in his policy and required by Longworth by advising plaintiff of the substantial settlement offer and agreeing to the full credit.
While we would not agree that the insured has an unfettered right to settle the underlying suit for a modest or insignificant sum and pursue a UIM claim, here the settlement amount was a substantial one when compared to the tortfeasor's policy limit. There is, therefore, no per se bar to a UIM claim in light of the settlement here. Moreover, defendant's reasons for accepting the settlement are themselves reasonable. Those reasons amply support his decision, under the circumstances of this case, to accept the settlement and pursue his UIM remedy.
Finally, plaintiff is not prejudiced by this settlement. Even though the language of defendant's policy does not condition payment of UIM benefits upon the insured's exhaustion of the limits of the tortfeasor's liability policy, defendant agreed to credit plaintiff with the full coverage available under the taxicab company's policy, consistent with our interpretation of N.J.S.A. 17:28-1.1. See Longworth, supra, 223 N.J.Super. at 191, 538 A.2d 414 ("if the victim does accept less than the tortfeasor's policy limits, his recovery against the UIM carrier must nevertheless be based on a deduction of the full policy limits.") Thus, plaintiff is only responsible for damages suffered by defendant in excess of $100,000, even though defendant only received $60,000 from the tortfeasor in settlement of his lawsuit.
Affirmed.
NOTES
[1] For the sake of clarity, the term "defendant" refers to Lewis R. Bornstein while the term "defendants" refers to both he and his wife Pamela, who were the insureds under the Ohio Casualty Insurance Company policy.